UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NATIONAL UNION FIRE                        CIVIL ACTION
INSURANCE COMPANY OF
PITTSBURGH, PA


VERSUS                                     NO: 14-1633


PLAQUEMINES PARISH                         SECTION: "A" (2)
GOVERNMENT


<u>ORDER AND REASONS</u>

Before the Court is a **Motion to Dismiss on Grounds of Abstention (Rec. Doc. 8)** filed by defendant Plaquemines Parish Government ("PPG"). Plaintiff National Union Fire Insurance Co. of Pittsburgh, PA ("National Union") opposes the motion. The motion, set for hearing on December 3, 2014, is before the Court on the briefs without oral argument.[1]

**I. <u>BACKGROUND</u>**

In July of 2005, National Union issued a "bumbershoot" liability policy to PPG, apparently insuring PPG against a wide variety of claims for personal injury and property damage. In late August of 2005, a significant portion of Plaquemines Parish

---

[1] National Union has requested oral argument, but the Court finds that oral argument would not assist the Court in resolving the pending issue.

flooded in the aftermath of Hurricane Katrina. In April of 2006, Melvin J. Burmaster, a resident of Plaquemines Parish, filed a lawsuit against PPG in the Twenty-Fifth Judicial District Court, Parish of Plaquemines, State of Louisiana, alleging that PPG's negligence in failing to maintain the East Bank Protection Levee System caused the flooding damage to his property. Burmaster later amended his petition to reflect that he had filed it as a representative of a class of those similarly situated as well as in his individual capacity.

The state court litigation is ongoing. In 2009, National Union was named as a defendant in the state court class action lawsuit via Louisiana's Direct Action Statute. Plaintiffs and National Union filed cross motions for summary judgment in state court disputing applicability and coverage of the policy issued by National Union to PPG. PPG filed a position paper on the motions agreeing with plaintiffs' contentions as to the extent of the policy coverage.

The trial court found that "under the policy, PPG is responsible for the first $1,000,000.00 (one million) of liability, and that National Union would be responsible for the next $10,000,000.00 (ten million)." (Rec. Doc. 8-7, at 4). National Union did not appeal the state trial court's decision on coverage.

On July 15, 2014, National Union filed the present action in federal court seeking a declaration that this same insurance policy does not cover damages asserted against PPG by residents of Plaquemines Parish.

PPG argues that National Union is attempting to get "a second bite at the apple" by submitting the question of coverage of the policy to this Court after the state court has already provided an answer – an answer which National Union chose not to appeal. Looking to the factors in *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994), PPG contends that the Court should exercise its discretion in abstaining from or dismissing the case.

National Union argues that PPG's motion should be denied for two primary reasons: 1) PPG has since allegedly reached a "settlement"[2] with the plaintiffs in which it agreed to remain in the lawsuit but only as a "nominal defendant," undermining any arguments it now makes for this Court to abstain for reasons of judicial efficiency and fairness; and 2) National Union reserved its right to argue alternative grounds for exclusion in the state court proceeding and now presents those arguments for the first

---

[2]National Union claims later in its Complaint that the agreement was "no settlement at all and does not trigger coverage under the Policy." (Rec. Doc. 1, at ¶15).

time. Applying the same *Trejo* factors, National Union expands on
these contentions in arguing for denial of PPG's motion.

## II.   DISCUSSION

The Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*,
provides that a court "may declare the rights and other legal
relations of any interested party seeking such declaration."
*Odeco Oil & Gas Co. v. Bonnette*, 4 F.3d 401, 403 -04 (5th Cir.
1993)(quoting 28 U.S.C.A. § 2201(a) (West 1994)). It is well
established in this circuit that a court need not provide
declaratory judgment relief on request, as this is a matter left
to the district court's sound discretion. *Id.* (citing *Rowan
Companies, Inc. v. Griffin*, 876 F.2d 26, 28 (5th Cir. 1989);
*Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 601
(5th Cir. 1983)). Federal courts have a "virtually unflagging
obligation . . . to exercise the jurisdiction given them,"
*Colorado River Water Conservation Dist. v. United States*, 424
U.S. 800, 817 (1976), but "[i]n the declaratory judgment context,
the normal principle that federal courts should adjudicate claims
within their jurisdiction yields to considerations of
practicality and wise judicial administration." *Wilton v. Seven
Falls Co.*, 515 U.S. 277, 288 (1995).

The court may consider a variety of factors in determining
whether to decide a declaratory judgment suit. *Odeco Oil & Gas*

4

*Co.*, 4 F.3d at 403-04. Relevant factors the district court must consider in determining whether to dismiss a declaratory judgment include: 1) whether there is a pending state action in which all of the matters in controversy may be fully litigated, 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, 3) whether the plaintiff engaged in forum shopping in bringing the suit, 4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist, 5) whether the federal court is a convenient forum for the parties and witnesses, and 6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy. *Trejo*, 39 F.3d at 590-91.

The Fifth Circuit has explained that these factors can be grouped into and summarized in three categories: federalism, fairness, and efficiency. *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 390-91 (5th Cir. 2003).

The first category of concerns weighs in favor of abstention or dismissal. The ongoing state court litigation involves both PPG and National Union, and that court has ruled on the extent of coverage of the National Union policy. Any further matters regarding the policy can be resolved in the state court proceedings. *See Sherwin-Williams Co.*, 343 F.3d at 392 (noting that an ongoing state proceeding addressing the same state law

issues suggests that the matter is better decided in that proceeding).

National Union points out that PPG "has never filed a claim or incidental action" against it and also that its Complaint in this Court raises arguments for exclusion of coverage different than those raised in state court. (Rec. Doc. 12, at 3). Plaintiff attempts to draw too fine a distinction in arguing on this basis that there is no parallel state proceeding due to a lack of identity in parties or legal issues. While National Union has been sued under a direct action statute, the policy is to cover liability of PPG. PPG clearly agrees with the state court plaintiffs' position, and undoubtedly relies on the state court's ruling, that any exposure greater than $1,000,000.00 will be covered by National Union via the policy at issue. As to the issues being litigated, this is not a case where, for instance, the insurer must affirmatively intervene or file a declaratory judgment in state court to protect its interest. *See Agora Syndicate, Inc. v. Robinson Janitorial Specialists, Inc.*, 149 F.3d 371, 373 (5th Cir. 1998) (reversing the district court's dismissal of the declaratory judgment action where the plaintiff was not a party to the liability suit in state court or any related state proceeding, and none of the state court proceedings addressed the issue of policy coverage).

Not only would allowing this action to go forward undermine the "federalism" category of concerns in light of the state court litigation, it also would directly contradict the interests expressed by those factors in the "efficiency" category. It would not be in the interest of judicial economy (by requiring yet another court to address the issue of coverage), cause prejudice to the parties relying on the state court's ruling on this issue, and create a great risk of duplicative or piecemeal litigation if this Court now took up the issue of coverage of the same policy.

As to the issue of fairness, this Court finds these factors remain at most neutral on the question of abstention and dismissal. There is minimal impact on convenience given the negligible distance between the state court in Plaquemines Parish and this Court (in Orleans Parish). The litigation has already commenced on the issue of coverage in the state court, and this declaratory judgment action appears to be a clear attempt to avoid the adverse, prior state court ruing.

Given the clear weight of factors in the first and third categories suggesting abstention or dismissal, the Court exercises its broad discretion in dismissing the declaratory judgment action before it. *Colony Ins. Co. v. Holley*, No. 02-56, 2002 WL 31683675 (E.D. La. Nov. 27, 2002) (Vance, J.) (citing *Agora Syndicate, Inc.*, 149 F.3d at 373; *State Farm Mut. Auto.*

*Ins. Co. v. Daughdrill*, 702 F.2d 70, 71 (5th Cir. 1983); *Allstate Ins. Co. v. Employers Liab. Assur. Corp.*, 445 F.2d 1278, 1280 (5th Cir. 1971)) (explaining that it lies within a court's discretion to dismiss this action in lieu of staying it).

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss on Grounds of Abstention (Rec. Doc. 8)** filed by defendant Plaquemines Parish Government ("PPG") is **GRANTED**.

December 29, 2014

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

8